IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02424-DME-MEH

BROCKMAN MUSIC,
BRENDA RICHIE PUBLISHING,
UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC., and
BON JOVI PUBLISHING,

        Plaintiffs,

v.

FAT FENDERS GRILLE & SALOON, LLC and
FREDERICK ROSS,

        Defendants.

## ORDER DENYING WITHOUT PREJUDICE UNOPPOSED MOTION
## FOR ENTRY OF FINAL JUDGMENT ON CONSENT

        This matter comes before the Court on the Plaintiffs' Unopposed Motion for Entry of Final Judgment on Consent and Unopposed Motion to Set Aside Entry of Default. Having reviewed the Motions, the Court denies without prejudice the Motion for Entry of Final Judgment on Consent, reserving for the parties the right to refile an amended motion after the following modifications are accomplished.

        First, the parties should submit an explicit stipulation setting forth the facts agreed to. The parties should then submit a separate proposed Judgment on Consent approved by all the parties. Any facts to be found in the proposed judgment must be supported by the separate stipulation.

Second, the stipulation and the approval of the proposed judgment must be manually signed by the Defendants. The Court observes that the Defendants are not represented by counsel and have not made an appearance in this case. Under D.C.COLO.LCivR 11.1(B), "The responsibility for signing pleadings, motions, or other papers shall not be delegated." Moreover, we have the discretion to require an original signature filing. D.C.COLO.LCivR 11.1(C). Only parties authorized to file cases electronically are permitted to sign pleadings with an electronic signature. D.C.COLO.LCivR 5.6. Therefore, we will not accept an electronic signature from pro se Defendants made through Plaintiffs' counsel. If the Plaintiffs' attorney wishes to submit their signatures electronically, counsel should determine that they are in full compliance with the rules allowing that to be done.

Third, the Court will not order that, if the Defendants file for bankruptcy, any balance due on the judgment amount shall be deemed a non-dischargeable debt. Therefore, the last sentence of paragraph 6 on page 5 must be deleted from any amended proposed judgment.

Fourth, the tendered draft judgment would require the Defendants to meet a payment deadline of May 1, 2007, which already has passed. The Court will enter judgment mandating future payments only for prospective deadlines. Therefore, the payment schedule must start with a future date, although the parties may stipulate to payments already received as part of the settlement.

The Court hereby DENIES without prejudice the Unopposed Motion for Entry of Final Judgment on Consent. In consideration of the above, the Court DEFERS ruling on the Unopposed Motion to Set Aside Entry of Default.

DATED this  22nd  day of  May , 2007.

BY THE COURT:

*s/ David M. Ebel*

_____
David M. Ebel
United States Circuit Judge